[No. 2977–2.    Division Two.    August 7, 1979.]

*In the Matter of the Marriage of* PATRICIA DALTHORP,
*Respondent, and* ROY DALTHORP,
*Appellant.*

*Richard H. Riddell,* for appellant.

*David McGoldrick* and *Bonneville, Viert, Morton & McGoldrick,* for respondent.

PEARSON, C.J.—Roy Dalthorp, appellant here and respondent below, appeals from a decree dissolving his marriage to Patricia Dalthorp. By agreement of the parties and counsel duly executed pursuant to RCW 2.08.180, the case was tried by Paul Boyle sitting as judge pro tempore. Mr. Boyle was at that time also a duly appointed Superior Court Commissioner for Pierce County serving full time since January 1974. He had been an active member of the Washington State Bar Association since 1950, and was appointed as a part–time commissioner prior to 1974. In April of 1974, he voluntarily became an inactive member of the Washington State Bar Association pursuant to RCW 2.48.050 and 2.48.140. He was so classified when he tried this case. It is undisputed that at the time the parties and their counsel did not know of his inactive membership.[1]

This unusual factual situation gives rise to the first and principal issue, namely, that the trial court lacked jurisdiction because the judge pro tempore was not an active member of the bar.

[1]Appellant's present counsel was not trial counsel.

Appellant also challenges the property division on the ground that the trial court did not characterize the status of the property of the parties and claims that there were no justifying circumstances to support the trial court's award to the wife of almost three–fourths of the community property.

Appellant also assigns error to the court's award of child custody to the wife without making any finding as to the parental fitness of either party.

Patricia Dalthorp asks for the additional attorney's fees for this appeal pursuant to RCW 26.09.140 and RAP 18.1.

We affirm the decree of dissolution in every respect and remand to the trial court to determine and award attorney's fees for this appeal.

## JURISDICTION

Respondent argues that a judge pro tempore must be an *active* member of the bar, as contrasted with an inactive member. Article 4, section 7 of the Washington State Constitution provides:

> A case in the superior court may be tried by a judge, pro tempore, who *must be a member of the bar,* agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court and sworn to try the case.

(Italics ours.)

At the time the constitution was adopted, one became a member of the bar by being admitted to practice by a court of the State of Washington and not necessarily even by the Supreme Court. *See* Code of 1881, § 3276, p. 570; Laws of 1891, § 9, p. 96; *In re Bruen,* 102 Wash. 472, 172 P. 1152 (1918). The method of striking a name from the rolls as one admitted to practice was uncertain but recognized as an inherent power of the Supreme Court. *In re Lambuth,* 18 Wash. 478, 51 P. 1071 (1898).

Neither the constitution nor section 11 of the Laws of 1889–90, page 343, which is the predecessor of RCW

2.08.180,[2] had any reason to make a distinction between an active and an inactive member of the bar.

We surmise that the original purpose of requiring a judge pro tempore to be a member of the bar was to insure that the person chosen to so act had a modicum of qualification with respect to legal knowledge. The extent of his activity in the practice, as it might bear upon his acceptability to the parties, was left to their judgment since they had the privilege to agree or not agree.

Only in 1933, with the enactment of the State Bar Act, RCW 2.48, was the basis provided for a distinction between active and inactive members. RCW 2.48.130 and .140. RCW 2.48.170 does provide that only an active member of the bar may practice law, but it does not require one who has been admitted to practice and is an active member of the bar at the time of his appointment as a commissioner to continue an active membership while serving in that somewhat anomalous judicial capacity, one which obviously requires substantial legal skills.

---

[2]RCW 2.08.180 provides:

"A case in the superior court of any county may be tried by a judge pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court, and sworn to try the case; and his action in the trial of such cause shall have the same effect as if he were a judge of such court. A judge pro tempore shall, before entering upon his duties in any cause, take and subscribe the following oath or affirmation:

"'I do solemnly swear (or affirm, as the case may be,) that I will support the Constitution of the United States and the Constitution of the State of Washington, and that I will faithfully discharge the duties of the office of judge pro tempore in the cause wherein_____is plaintiff and_____ defendant, according to the best of my ability.'

"A judge pro tempore who is a practicing attorney and who is not a retired justice of the supreme court or judge of a superior court of the state of Washington, or who is not an active judge of an inferior court of the state of Washington, shall receive a compensation of one–two hundred and fiftieth of the annual salary of a superior court judge for each day engaged in said trial, to be paid in the same manner as the salary of the superior judge. A judge who is an active judge of an inferior court of the state of Washington shall receive no compensation as judge pro tempore. A justice or judge who has retired from the supreme court, court of appeals, or superior court of the state of Washington shall receive compensation as judge pro tempore in the amount of sixty percent of the amount payable to a judge pro tempore under this section."

When RCW 2.08.180 was last enacted in its amended form in 1971, the distinction between active and inactive members had been firmly established in the practice of this state for more than 35 years, yet the legislature chose to require only that one serving as a judge pro tempore be a *member of the bar.* No qualifying language such as that urged by appellant was added.

■ It is a salutary principle of statutory construction that if words are to be added to a statute at all, it should be done only when necessary to effectuate legislative intent or manifest its statutory meaning. Such additions are to be made only after exercising great caution. 2A C. Sands, *Statutes and Statutory Construction* § 47.38 (4th ed. 1973).

The decisions of the Supreme Court of this jurisdiction have been restrictive in this regard. Our court has repeatedly refused to read into a statute things which it conceives may have been left out unintentionally, and will not supply omissions resulting from legislative oversight. *E.g., Jepson v. Department of Labor & Indus.,* 89 Wn.2d 394, 573 P.2d 10 (1977); *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973); *State ex rel. Thigpen v. Kent,* 64 Wn.2d 823, 394 P.2d 686 (1964); *Vannoy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 369 P.2d 848 (1962).

■ We find RCW 2.08.180 to be rational without the addition of the word "active." Once a person has acquired membership in the bar, the extent of his skill and suitability to serve as a judge pro tempore should properly be determined by the judgment of the parties as evidenced by their decision to accept him to preside over the case, rather than by any consideration of whether he is currently permitted to practice actively. No constitutional or legislative purpose directed to establishing a threshold test of competency is to be served by requiring "active" as contrasted with "inactive" membership in the bar. If the legislature had some other intention, RCW 2.08.180 should be clarified by its action, not by ours.

Appellant refers to the third paragraph of RCW 2.08.180 which states in part: "A judge pro tempore *who is a practicing attorney* and who is not a retired justice . . .," (italics ours) and argues that by referring to a practicing attorney, the legislature must have intended that a judge pro tempore be an active member of the bar because only an active member can be a practicing attorney.

It is a sufficient answer to note that this paragraph relates to the compensation of a judge pro tempore. It is the first paragraph of RCW 2.08.180 which establishes the qualifications. The third paragraph merely provides for a pay differential between active practitioners, retired judges and active judges of courts of limited jurisdiction.

PROPERTY DIVISION

Appellant contends that the court erred in failing to characterize the properties as community and separate. Appellant had a separate piece of real property in Alaska as well as separate property in his Alaska State Teacher's Retirement Fund.

█ The record fails to disclose that the trial court was ever asked to characterize formally the property as separate or community and no exception was taken to its failure to do so. An issue not presented to the trial court cannot be raised for the first time on appeal. *Cf. Metcalf v. Metcalf*, 57 Wn.2d 612, 358 P.2d 983 (1961).

█ Moreover, characterization of property as separate or community is not necessarily controlling. All that is required is that the court have in mind the character of the property as separate or community and that the final division be fair, just and equitable under all the circumstances. *In re Marriage of Hadley*, 88 Wn.2d 649, 565 P.2d 790 (1977); *Baker v. Baker*, 80 Wn.2d 736, 498 P.2d 315 (1972).

Our perusal of the record discloses that there was ample evidence of the source and evolution of the assets of the parties. The source of the payments made toward the appellant's separate real property in Alaska was discussed in detail as was the interest of the parties in their separate

teachers retirement accounts. The court had in mind the correct status of the property and avoided the problem of *Pollock v. Pollock,* 7 Wn. App. 394, 499 P.2d 231 (1972), wherein the court apparently did not have clearly in mind the status of various properties as separate and community.

With respect to the factors which the court is required to consider when dividing property, RCW 26.09.080 provides:

> In a proceeding for dissolution of the marriage, legal separation, declaration of invalidity, or in a proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall, without regard to marital misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:
> (1) The nature and extent of the community property;
> (2) The nature and extent of the separate property;
> (3) The duration of the marriage; and
> (4) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse having custody of any children.

No purpose will be served by a detailed analysis of the property disposition. It is sufficient to note that, although the respondent wife received slightly less than $39,000 and the appellant slightly less than $13,000 from what can be regarded as community property, when all of the properties were considered, the appellant received approximately $41,500 and the respondent wife received $39,250.

The trial judge, in his memorandum opinion noted that, because of the disparity of earning power, the wife was entitled to special consideration.[3] Further, although the wife was granted additional funds for the support of the

---

[3]The memorandum opinion in letter form was not brought forward as part of the clerk's papers but was incorporated in respondent's brief as appendix H. We do not consider this to be desirable practice but no objection has been made to it and if required, we could order it made part of the record pursuant to RAP 9.10.

two young children of the parties, she also had the duty to provide adequate housing and care for them and she had no income. She was trained as a teacher, a profession that is reputed to be oversupplied.

■ Equitable division does not require an equal division. It is sufficient that it be fair, considering the factors prescribed by RCW 26.09.080 and the circumstances of the parties including the gross disparity of earning power coupled with the needs of the wife as enlarged by her duties relating to child custody. *In re Marriage of Nicholson,* 17 Wn. App. 110, 561 P.2d 1116 (1977).

On the facts, we do not find that manifest abuse of discretion which would justify the substitution of our judgment for that of the trial court. *Rogstad v. Rogstad,* 74 Wn.2d 736, 446 P.2d 340 (1968); *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970).

CHILD CUSTODY

■ Error is asserted because the trial court did not make an express finding regarding parental fitness. For two reasons, there is no merit in this assignment. One is that the omission was not called to the attention of the trial court and therefore will not be reviewed on appeal. *Metcalf v. Metcalf, supra.* The second is that while it is normal practice to make an express finding concerning parental fitness, the failure to make such a finding does not result in reversible error if the reviewing court is able to determine the propriety of the trial court's decision from the trial court's opinion and the record. *Bjorneby v. Bjorneby,* 56 Wn.2d 561, 354 P.2d 384 (1960). *See also Andersen v. Andersen,* 75 Wn.2d 779, 782, 453 P.2d 856 (1969). Further, appellant has demonstrated no prejudice by reason of the incompleteness of the findings.

While the formal findings of fact and conclusions of law made pursuant to CR 52 lack something in completeness, parental fitness is implicit nevertheless, in conclusion of law No. 3 which provides for custody and visitation. The record

amply supports this conclusion. The record further demonstrates that appellant's employment militates against any long-term custody for him because he works in the northern Alaska oil fields.

We find that the fitness of both parents has been demonstrated by the record and that the failure to make a formal finding of fitness has not prejudiced the appellant and does not require a reversal.

## ATTORNEY'S FEES

Respondent wife has requested costs and reasonable attorney's fees for defending this appeal. We agree that her request for attorney's fees should be granted but, rather than fix them ourselves, we remand the matter for a hearing in Superior Court. RAP 18.1(e). We do this because in the circumstances of this case the trial judge will be better able to get a perspective on the equities which should be considered.

■ So far as the issues on appeal are concerned, we find that the only issue having arguable merit involves the qualifications of the judge pro tempore and, even with respect to it, the trial court is entitled to consider the fact that this is a challenge mounted by an unsuccessful litigant who, with the guidance of his attorney, knew or had the means of knowing the nature and extent of Mr. Boyle's actual skill and experience as an attorney. Had the outcome of the case been more palatable, we doubt if the appellant would have questioned the jurisdiction. In addition, there is a strong suggestion that appellant's post-decree conduct has been intransigent in many respects and this is a factor which can be more adequately presented and considered at the trial court level.

Under the authority of *Gamache v. Gamache,* 66 Wn.2d 822, 409 P.2d 859 (1965); *Fleckenstein v. Fleckenstein,* 59 Wn.2d 131, 366 P.2d 688 (1961) and *Eide v. Eide,* 1 Wn. App. 440, 462 P.2d 562 (1969), where a party's tactics have

made litigation more difficult, a further fee award is allowable and the wife will not be required to impoverish herself out of resources already available to her.

Costs of the appeal, as contrasted with attorney's fees, will be awarded to the respondent wife without the need for further proceedings in the trial court.

The judgment of the trial court is affirmed and the cause remanded for the limited purpose of fixing attorney's fees for this appeal.

PETRIE and SOULE, JJ., concur.