[Nos. 46907–5, 46971–7,     En Banc.     May 14, 1981.]
    47073–1, 47101–1.

JOSEPH E. JENKINS, *Appellant,* v. BELLINGHAM
MUNICIPAL COURT, *Respondent.*

CURTIS GILBERT, *Appellant,* v. BELLINGHAM
MUNICIPAL COURT, *Respondent.*

CURTIS GILBERT, *Appellant,* v. THE DEPARTMENT
OF LICENSING, *Respondent.*

THE CITY OF EVERETT, *Appellant,* v. EVERETT
DISTRICT COURT, *Respondent.*

*Craig G. Davis, Charles R. Snyder,* and *Davis & Snyder,* for appellants.

*Pat Brock, City Attorney,* and *Charles A. Shaw, Assistant,* for respondent Bellingham Municipal Court.

*Kenneth O. Eikenberry, Attorney General,* and *James R. Silva, Assistant,* for respondent State.

*Bradford N. Cattle, City Attorney,* and *Seth R. Dawson, Assistant,* for respondent Everett District Court.

ROSELLINI, J.—These cases all involve prosecutions in municipal court for driving while under the influence of

intoxicants, an offense formerly defined in RCW 46.61-.506(1) and adopted by Bellingham and Everett city ordinances.

In Laws of 1979, 1st Ex. Sess., ch. 176, § 5, p. 1632, RCW 46.61.506(1) was amended. Its substance was deleted from section .506 and embodied in a new section, later codified as RCW 46.61.502. The next year the legislature enacted provisions which, by reference, made the new section a part of the Washington Model Traffic Ordinance. Laws of 1980, ch. 65, § 4, p. 153 (RCW 46.90.427).

In the interim between the enactment of the 1979 and 1980 laws, all of the defendants were arrested by city police for driving while under the influence of intoxicants and were charged with violations of municipal ordinances. In each case the defendant contended that the City had in effect no ordinance making it unlawful to operate a vehicle while under the influence of intoxicants.

In Bellingham the prosecutions were held valid. In the Jenkins case, the Superior Court for Whatcom County affirmed the municipal court's holding that the City of Bellingham had adopted the provisions of the new section of the code. In the Gilbert case, the Superior Court affirmed a different municipal judge's ruling that the new law was not adopted but that the City nevertheless had in effect an ordinance covering the offense; the theory being that the original ordinance (incorporating RCW 46.61.506) remained in effect. In Everett, on the other hand, the Superior Court for Snohomish County found merit in the defendant's contention and dismissed the prosecution.

The cases have been consolidated for this court's review.

The stated purpose of the Washington Model Traffic Ordinance is to encourage the adoption of uniform traffic laws

> by providing a comprehensive compilation of sound, uniform traffic laws to serve as a guide which local authorities may adopt by reference or any part thereof, including all future amendments or additions thereto.

RCW 46.90.005.

The state laws relating to reckless driving, driving while intoxicated, and negligent homicide were not set forth verbatim in the statute but most of them were incorporated by reference to their section numbers. These included RCW 46.61.506, a lengthy section which at that time made it unlawful to drive or be in control of a vehicle while intoxicated, and also made provision for the administering of blood alcohol tests and the evidentiary uses of their results. Both Bellingham and Everett adopted this provision by reference, making it a part of their ordinances, pursuant to RCW 46.90, the Washington Model Traffic Ordinance, and RCW 35.21.180, authorizing cities and towns to adopt state statutes and codes by reference, including amendments thereof or additions thereto.

Since the section was amended in 1979, it has dealt exclusively with the giving of tests and the use of evidence of blood alcohol content.

In *Pacific First Fed. Sav. & Loan Ass'n v. Pierce County,* 27 Wn.2d 347, 355, 178 P.2d 351 (1947), we said:

> The general rule is that, when a statute is adopted by specific descriptive reference, the adoption takes the statute as it exists at that time, without subsequent amendments; but, when the language of the adopting act evidences legislative intent to include subsequent amendments, courts will give effect to that intent, and the adopted act, and the amendments thereto, or changes therein, will be held to be within the meaning of the adopting act and to govern the subject matter thereof. *Trimmier v. Carlton,* 116 Tex. 572, 296 S. W. 1070.

RCW 46.90.010 has at all times provided for the automatic amendment of any city ordinance which has adopted the model act by reference, when the legislature adds a new section to, or amends or repeals any section in, the chapter. On its face, this provision may appear comprehensive in its provisions for incorporation of future legislation. However, it makes no provision for incorporation of additions to RCW 46.61 (the rules of the road) unless such additions are contained in sections of that chapter which have been incorporated in the model traffic ordinance. It is this limi-

tation, taken along with the failure to amend RCW 46.90 at the same time that RCW 46.61.506 was amended and the new section added, which has spawned the dilemma which the court faces today.

While there is every reason to suppose that the legislature must have intended to embody in its model act both the existing section making driving while intoxicated an offense and any future amendments or additions to the law upon that subject, the language which it employed failed to accomplish that purpose. That language incorporates only the section itself, whatever its content may be after future amendments. Either the drafters of RCW 46.90 did not take into consideration the possibility that the legislature might transfer the substance of a provision from an incorporated section to another section which had not been incorporated, or else they assumed that if such action were taken, the legislature would, by amending RCW 46.90, add that section to the model traffic ordinance. This in fact was the action belatedly taken by the legislature in 1980.[1]

As a result of these omissions, the model traffic ordinance, for a period of several months, contained a provision for the taking and use of blood alcohol samples for evidentiary use in criminal as well as civil proceedings, but none making it unlawful to drive while intoxicated. The Cities urge that this was not a state of affairs which the legislature intended. That can safely be assumed. But where is the language upon which we can base a finding that the legislature intended to incorporate new sections of RCW 46.61 in the model ordinance?

RCW 46.90.010 provides for the automatic adoption by participating cities of new sections added to that chap-

---

[1]The Cities suggest that the 1979 legislature was unable to incorporate the new section until it was assigned a code number. However, we see no reason why the legislature could not have achieved the desired end by amending RCW 46.90 and adding the new section to that chapter. If it was considered desirable, for the sake of uniformity, to include the new section in RCW 46.90 by reference rather than by setting forth its provisions, the formal change could have been effected later by a "housekeeping" measure, after the section was codified.

ter, but it makes no provision for incorporating additions to other statutes within its provisions. Only future *amendments* to the incorporated sections are to be assimilated. We have no reason to believe that this was an inadvertent limitation. RCW 46.61 contains a number of sections which are not suited to municipal ordinances. *See, e.g.,* RCW 46.61.562–.564, .567, .585, .587, and .690. Thus, it was essential that the legislature be restrictive in its incorporation of future additions to RCW 46.61, in order to avoid adoption of inappropriate measures. Perhaps language could have been found to incorporate additional legislation upon the same subject matter, but this would be difficult without inviting judicial legislation. As it is, it would not do for the court to judicially incorporate in RCW 46.90 selected additions to other statutes which it may believe the legislature would have incorporated in that act if its attention had been drawn to their impact on the model traffic ordinance. This court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission. *Automobile Drivers Local 882 v. Department of Retirement Sys.,* 92 Wn.2d 415, 598 P.2d 379 (1979); *Jepson v. Department of Labor & Indus.,* 89 Wn.2d 394, 573 P.2d 10 (1977).

The Cities earnestly urge, however, that the effect of the action taken by the legislature in the 1979 act was to amend RCW 46.61.506. Their theory is that the "new section" is nothing more than an amendment of RCW 46.61-.506, not an addition to it. There is no question but that the legislature amended the section; it did so expressly.[2] And we agree that the new section is not an addition to

---

[2]The pertinent part of Laws of 1979, 1st Ex. Sess., ch. 176 reads:

"New Section. Section 1. There is added to chapter 46.61 RCW a new section to read as follows:

"A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within this state while:

". . .

"New Section. Sec. 2. There is added to chapter 46.61 RCW a new section to read as follows:

RCW 46.61.506. Rather, it is an addition to the act. The contents, it is true, are not an entirely new addition, but the section itself is, and this is the significant fact. Whatever the amendatory effect of an added section may be, the fact is that the legislature has in these statutes made a distinction between additions and amendments. As those terms are used in legislative enactments, they have a specialized and formal meaning. The court is not free to attribute to them a meaning different from that which the legislature obviously intended. *Smith v. Greene,* 86 Wn.2d 363, 545 P.2d 550 (1976).

After section .506 was amended, it no longer made it an offense to drive while under the influence of intoxicants. Nevertheless, as thus amended it automatically became a part of the Washington Model Traffic Ordinance, as well as the ordinances of Everett and Bellingham. The Cities would have us declare that the new section also became a part of those laws, but we can find nothing in the language of the model traffic ordinance to effect that incorporation.

■ It is necessary to keep in mind that we are here concerned with enactments defining offenses. They must be strictly construed (*State v. Shipp,* 93 Wn.2d 510, 610 P.2d 1322 (1980)). The court is not at liberty to create offenses through judicial construction. *Fasulo v. United States,* 272 U.S. 620, 71 L. Ed. 443, 47 S. Ct. 200 (1926); 22 C.J.S. *Criminal Law* § 17 (1961). Much less can we do so by sup-

---

"A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if he has actual physical control of a vehicle within this state while:

" . . .

"Sec. 5. Section 3, chapter 1, Laws of 1969 as amended by section 1, chapter 287, Laws of 1975 1st ex. sess. and RCW 46.61.506 are each amended to read as follows:

"(1) ((It is unlawful for any person who is under the influence of or affected by the use of intoxicating liquor or of any drug to drive or be in actual physical control of a vehicle within this state.

"(2))) Upon the trial of any civil or criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a vehicle while under the influence of intoxicating liquor or any drug, . . ."

plying legislative omissions or correcting legislative oversight.

We conclude, therefore, that at the time of the arrests which were made in these cases, there was no provision in the Washington Model Traffic Ordinance, and thus no ordinance in the cities of Everett and Bellingham, making it unlawful to drive while under the influence of intoxicants.

We consider next the theory adopted by the Superior Court for Whatcom County in the case of Gilbert. Acknowledging that RCW 46.61.502 had not been incorporated in the Bellingham traffic ordinance, the court resolved the dilemma by treating the amended section .506 as an invalid enactment. Proceeding upon this theory, the court held that the provision was of no force and effect and that the section remained in effect as it had been before amendment.

Cases cited by the city attorney in support of this conclusion are *State ex rel. Kirschner v. Urquhart,* 50 Wn.2d 131, 310 P.2d 261 (1957), and *State v. Kolocotronis,* 73 Wn.2d 92, 436 P.2d 774 (1968). Both of these cases set forth and apply the well established rule that if a statute is repealed by a subsequent enactment and the subsequent enactment is declared unconstitutional, such unconstitutionality renders the repealing act invalid. The former act is deemed unaffected by the void repealing enactment, leaving the former statute in full force and effect. That, of course, is a sound principle, but it has no application here. There is no suggestion here that the amendment of RCW 46.61 was not done in a proper manner or that the provisions of the amended RCW 46.61.506 are in any respect unconstitutional. The mere fact that they do not accomplish what the former section accomplished does not render them invalid. This theory of the prosecution afforded no basis for the Superior Court's holding, and there appears no other ground upon which to sustain it. The judgment in the case of Gilbert must also be reversed.

The final question before us concerns the action taken by

the Washington State Department of Licenses in revoking Gilbert's driver license, a decision which was sustained by the Superior Court. It is maintained that the Department had no authority to revoke the license under the applicable statute, RCW 46.20.308(1), which provides in pertinent part:

(1) Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent . . . to a chemical test or tests of his breath . . . if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving . . . a motor vehicle while under the influence of intoxicating liquor.

Gilbert's theory is that, inasmuch as he was arrested for a nonexistent offense, conditions of the statute were not met. The Department, on the other hand, argues that even though there may have been no municipal ordinance in effect, the state statute (RCW 46.61.502) defined the offense of driving while intoxicated, and consequently there was in existence an offense for which he was arrested. However, the Department directs our attention to nothing in the record which reveals that Gilbert was arrested for violation of the state statute, or that he was charged with such a violation. It appears that he was arrested by a city police officer, was given a municipal citation, and was charged under the supposed local ordinance. Since there was in effect no ordinance making the conduct for which he was arrested unlawful, and since the statute, being penal, must be strictly construed, we find that its conditions were not met.

The judgments of the Superior Court for Whatcom County (cause Nos. 46907–5, 46971–7 and 47073–1) are reversed. That of the Superior Court for Snohomish County (cause No. 47101–1) is affirmed.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.