[No. 48523-2. En Banc. August 12, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ROBERT TAYLOR, *Petitioner.*

*Patrick M. Hayden* and *Michael H. Rosen*, for petitioner.

*Norm Maleng, Prosecuting Attorney*, and *Jennifer Eychaner, Deputy*, for respondent.

UTTER, J.—Was felony flight (RCW 46.61.024) decriminalized by RCW 46.63.020 during the period from the latter statute's effective date on January 1, 1981, until it was amended on April 16, 1981? We hold that it was.

On January 12, 1981, James Taylor was arrested for attempting to elude a pursuing police officer ("felony flight"), in violation of RCW 46.61.024. He was subsequently charged by information with that offense. Taylor first moved to dismiss the information on the ground that "felony flight" had been decriminalized by RCW 46.63.020. This motion was denied May 11, 1981. Taylor then moved to dismiss the information on the ground that enforcement of the felony penalty provided in RCW 46.61.024 would constitute a denial of due process and equal protection guaranties. This motion was denied May 22.

Taylor stipulated to the allegations contained in the police reports and was found guilty as charged. Sentencing was continued for 6 weeks, with the understanding that Taylor would seek discretionary review of the trial court's orders denying his motions to dismiss. The Court of Appeals granted his petition for review and affirmed Taylor's conviction. After his motion for reconsideration was denied we granted his petition for review. We reverse the Court of Appeals.

The act which became RCW 46.61.024 and which defined as a class C felony the crime of "felony flight" was signed

by the Governor and filed in the Secretary of State's office on April 26, 1979. The act did not specify an effective date. *See* Laws of 1979, 1st Ex. Sess., ch. 75, § 1. Subsequently, on May 7, 1979, the Governor signed the act which became RCW 46.63.020 and which decriminalized many traffic–related offenses. Laws of 1979, 1st Ex. Sess., ch. 136, § 2. The effective date of this act was amended to January 1, 1981. *See* Laws of 1980, ch. 128, § 9.

RCW 46.63.020 provides that the violation of any law "relating to traffic including parking, standing, stopping, and pedestrian offenses, is designated as a traffic infraction and may not be classified as a criminal offense". The statute then lists a number of statutory exceptions to this decriminalization (there are now 38), which may continue to be punished as crimes. "Felony flight" was *not* included in this list when RCW 46.63.020 was originally enacted, nor was it added when the statute was twice amended in 1980. *See* Laws of 1980, ch. 128, § 9; ch. 148, § 7. After the commission of petitioner's offense, the Legislature amended RCW 46.63.020 to include "felony flight" in the list of statutory exceptions that are not decriminalized. Laws of 1981, ch. 19, § 1(24) (April 16, 1981).

Both parties and the Court of Appeals rely on RCW 1.12.025 to resolve the dispute concerning the relationship of RCW 46.61.024 and RCW 46.63.020. Unfortunately, such reliance is misplaced. The statute provides:

> If at any session of the legislature there are enacted *two or more acts amending the same section* of the session laws or of the official code, each amendment without reference to the others, each act shall be given effect to the extent that the amendments do not conflict in purpose, otherwise the act last filed in the office of the secretary of state in point of time, shall control . . .

(Italics ours.) Petitioner argues that since RCW 46.61.024 and RCW 46.63.020 conflict in purpose, "the act last filed" (which was RCW 46.63.020) should control. On the other hand, respondent contends and the Court of Appeals held that both statutes should be given effect since they do not

conflict in purpose.

These two acts do not amend the same section, however. The felony flight statute defined a *new* offense—it amended nothing and purported to amend nothing. *See generally State v. Frazier,* 81 Wn.2d 628, 632, 503 P.2d 1073 (1972). The decriminalization statute changed the effect of all criminal statutes which defined traffic–related offenses by changing the penalty which could be imposed. Neither is this an amendment as contemplated by RCW 1.12.025. Article 2, section 37 of the Washington State Constitution requires an amended section to be set out in its entirety. RCW 46.63.020 does not incorporate RCW 46.61.024, and does not amend it. It changed only the punishment available under the statute.

RCW 1.12.025 properly relates to the situation where "the same section" is amended twice in one session, such as occurred to RCW 46.63.020 in 1981 (see Reviser's note) and in *Copeland Lumber Co. v. Wilkins,* 75 Wn.2d 940, 454 P.2d 821 (1969) (twice amending Laws of 1957, ch. 214, § 1) cited by respondent. We do not have that situation here.

By its own unambiguous terms, RCW 46.63.020 decriminalizes all offenses under RCW Title 46 except those which it enumerates. When enacted it did not except RCW 46.61-.024. There is no provision within RCW 46.63.020 for exception of "similar" or "like" offenses. The list is apparently meant to be exhaustive. If new offenses are added to RCW Title 46, RCW 46.63.020 must be amended to keep the offense from being decriminalized. It is the exclusive province of the Legislature to determine how many exceptions will exist under the statute. Nor does RCW 46.63.020 affect only laws existing at the time it was passed. Its application is general and was meant to affect RCW Title 46 as it was, is and will be. There is simply no basis in the language of the statute for finding RCW 46.61.024 not decriminalized.

This is not to say that if the Legislature had thought about it, it would not have included RCW 46.61.024 within the exceptions to RCW 46.63.020. Had it done so in 1979 or

during the 1980 session when the statute was amended twice, felony flight would not have been decriminalized. The misdemeanor offenses of reckless driving and failure to stop were excepted from decriminalization and they are lesser included offenses of felony flight. To decriminalize felony flight while keeping criminal the misdemeanor lesser included offenses would indeed be anomalous, but it would not make RCW 46.63.020 itself irrational. The critical question is whether or not, as a matter of statutory construction, we can provide the omitted exception to RCW 46.63.020.

This court has exhibited a long history of restraint in compensating for legislative omissions. In *McKay v. Department of Labor & Indus.*, 180 Wash. 191, 194, 39 P.2d 997 (1934), we stated:

> In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it a rational statute.

More recently we have affirmed the contemporary value of this rule:

> This court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission.

*Jenkins v. Bellingham Municipal Court*, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981). As the quote from *Jenkins* indicates, we have sometimes articulated the rule as an inflexible one: it is not within the power of the court to read the Legislature's omissions into a statute. An inflexible rule is not without its problems. *See* 2A C. Sands, *Statutory Construction* § 47.38, at 173 (4th ed. 1973):

> Although some courts have been hesitant to supply or insert words, the better practice requires that a court enforce the legislative intent or evident statutory meaning where it is clearly manifested. The inclusion of words necessary to clear expression of the intent or meaning is in aid of the legislative authority; the denial of the power to insert when the intent or meaning is clear is more nearly a usurpation of legislative power for it results in destruction of the legislative purpose.

*See also State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 399 P.2d 8 (1965) (Finley, J., dissenting).

A review of our cases indicates the *McKay* rule of caution has been followed. The *McKay* court's admonition that the court should not change the language of a statute unless it is "imperatively required to make it a rational statute" indicates twin concerns for the amount of judicial intervention required and the extent to which the legislative intent would be undermined if no intervention occurs.

Our cases fall into three classes. The first class of cases includes those in which a party argued the statute represented a legislative omission or mistake, but in which the court was able to postulate why the Legislature may have intended the literal meaning of the statute. In such cases the court has uniformly concluded judicial intervention was unwarranted. *See Automobile Drivers Local 882 v. Department of Retirement Sys.,* 92 Wn.2d 415, 598 P.2d 379 (1979); *Jepson v. Department of Labor & Indus.,* 89 Wn.2d 394, 573 P.2d 10 (1977); *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973); *Vannoy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 369 P.2d 848 (1962); *Department of Labor & Indus. v. Cook,* 44 Wn.2d 671, 269 P.2d 962 (1954); *McKay, supra; Harold Meyer Drug v. Hurd,* 23 Wn. App. 683, 598 P.2d 404 (1979); *In re Marriage of Dalthorp,* 23 Wn. App. 904, 598 P.2d 788 (1979).

In a second class of cases, the court concedes the Legislature's omission was clearly inadvertent. While the legislative omission created some inconsistencies, it did not undermine the purposes of the statute. It simply kept the purposes from being effectuated comprehensively. The court in these cases has not supplied the omitted language because it was not "imperative" to make the statute rational. To do so would have been to arrogate to ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent. The statutes in these cases remained rational with the omission even though there were inconsistencies in the comprehensive scheme. *Jenkins, supra; State v. Martin,* 94 Wn.2d 1, 614 P.2d 164

(1980); *State ex rel. Thigpen v. Kent,* 64 Wn.2d 823, 394 P.2d 686 (1964).

The third class of cases is represented by *State v. Brasel,* 28 Wn. App. 303, 309, 623 P.2d 696 (1981). In *Brasel,* the *sole* purpose of the act was to provide new standards for the commitment of criminal defendants. Because of drafting errors in one sentence of the statute, the Governor vetoed the sentence in which the error occurred, eliminating the standard the statute was designed to create. The Legislature did not restore the sentence correcting the drafting error. This omission created the contradiction of the statute containing different conditions for commitment than were required to be negated as a condition of release. Thus a person who qualified for commitment might simultaneously qualify for release. The omission rendered the statute absurd and undermined its sole purpose. The court thus supplied the omitted sentence. *See State ex rel. Hagan v. Chinook Hotel, Inc., supra* (Finley, J., dissenting); *Harold Meyer Drug v. Hurd, supra* (dicta); *In re Marriage of Dalthorp, supra* (dicta); *but cf. Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 587 P.2d 535 (1978) (sole purpose of statute was undermined by omission but court did not provide the omission, relying on policy of favorable construction to taxpayer).

It would appear the statutory omission in this case falls within the second class. Our facts are quite similar to those in *Jenkins.* There is no doubt the Legislature's failure to except RCW 46.61.024 from decriminalization was inadvertent. At the same time, the omission undermines neither statute. RCW 46.61.024 may continue to be enforced as a traffic infraction and RCW 46.63.020 continues to decriminalize RCW Title 46 with specific exceptions. Those exceptions were not comprehensive, but that does not give us license to supply "felony flight" as an exception. If it did, we would also have license to include as exceptions all those offenses within RCW Title 46 which are consistent with existing exceptions. The Legislature preserved the power of creating an exhaustive list of exceptions, and it

has exercised that power recently by including RCW 46.61-.024 as an exception to the decriminalization statute. *Jenkins* dictates that we not supply what is unambiguously omitted from RCW 46.63.020 for the period before the Legislature acted to include it as an exception.

When Taylor's offense occurred, the crime of felony flight was decriminalized. We need not reach the other issues raised by the petitioner. The Court of Appeals is reversed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.