45 P.3d 221 (2002)
111 Wash.App. 430
STATE of Washington, Appellant,
v.
Kenyatta J. KING, Respondent.
No. 48389-7-I.
Court of Appeals of Washington, Division 1.
April 29, 2002.
Seth Fine, Everett, for Appellant.
*222 Jennifer McIntyre, Everett, for Respondent.
SCHINDLER, J.
In calculating Kenyatta King's offender score, the trial court declined to count his prior conviction for failure to register as a sex offender as a sex offense. Although the statute in effect at the time specifically excluded the failure to register as a sex offender from the definition of sex offense, this exclusion was the result of a numbering error. The numbering error had the effect of excluding failure to register as a sex offender from the definition of sex offense, but including failure to register as a kidnapper as a sex offense. It is clear that the Legislature did not intend this result. The error rendered the statute irrational and in such a case, it is imperative that the court correct the error. Accordingly, we reverse.

FACTS
Kenyatta Jamal-King pled guilty to first degree rape. He had a 1995 prior conviction for third degree rape and a 1998 conviction for failure to register as a sex offender. The defense calculated his offender score at four; three points for the rape conviction and one point for the failure to register. The State argued that his offender score was six, since both offenses are sex offenses which count as three points.
The trial court agreed with the defense's calculation and imposed a sentence of 171 months of confinement, the top end of the standard range based on an offender score of four. The State appeals.

DISCUSSION
Two statutes are pertinent to this case: RCW 9.94A.030, the statute which defines sex offenses, and RCW 9A.44.130, which defines the offense of failure to register.
Prior to 1999, RCW 9.94A.030 defined sex offense as any felony that was a violation of RCW 9A.44. RCW 9A.44 is the chapter containing all sex offenses including the offense of failure to register.
In the 1999 regular legislative session the Legislature amended both the registration statute and the statute defining sex offenses. The Legislature amended 9A.44.130 by separating the offense of failure to register into two separate categories, one category for sex offenders and one category for kidnapping offenders. After the amendment the statute read, in part:
"RCW 9A.44.130 Registration of sex offenders and kidnapping offendersProceduresDefinitionPenalties.
...
(9) A person who knowingly fails to register... is guilty of a class C felony if the crime for which the individual was convicted was a felony sex offense ...
(10) A person who knowingly fails to register... is guilty of a class C felony if the crime for which the individual was convicted was a felony kidnapping offense ..."
Laws of 1999, ch. 352 § 9.
The legislature also amended the definition of sex offense to read:
"Sex Offense' means:
(a) A felony that is a violation of 9A.44 RCW, other than RCW 9A.44.130(10),
..."
Laws of 1999, ch. 352 § 8.
Thus, the effect of these two amendments was to exclude the offense of failure to register as a kidnapping offender from the definition of sex offense, but to include the failure to register as a sex offender in the definition of sex offense.
Then, in the 1999 first special legislative session, in response to a decision of this court, the Legislature again amended the registration statute to provide a procedure for people without a fixed address to register. This amendment added a new subsection and resulted in a renumbering of the following subsections. Laws of 1999, 1st Sp. Sess. Ch. 6 § 2. As a result of the new amendment, Subsection 9 defining the crime of failure to register as a sex offender became subsection 10. Subsection 10 defining the crime of failure to register as a kidnapping offender became subsection 11.[1]
*223 The definition of sex offense was not amended to correspond to this change until the 2000 regular legislative session when the Legislature amended the definition of sex offense to include any felony violation of RCW 9A.44 "other than RCW 9A.44.130(11)". Laws of 2000, ch 28 § 2. This amendment took effect on July 1, 2001.
This court reviews the calculation of an offender score de novo. State v. Roche, 75 Wash.App. 500, 513, 878 P.2d 497 (1994).
Below, the State conceded that the statute in effect at the time of King's crime, March 3, 2000, excluded the failure to register as a sex offender from the definition of sex offense. The State argued that RCW 1.12.025 authorized the court to give effect to the intent of the legislature rather than apply the statute as written.
RCW 1.12.025 provides:
"If at any session of the legislature there are enacted two or more acts amending the same section of the session laws or of the official code, each amendment without reference to the others, each act shall be given effect to the extent that the amendments do not conflict in purpose, otherwise the act last filed in the office of the secretary of state in point of time, shall control."
The trial court concluded that this statute was inapplicable because the issue in this case involved the interaction between two statutes and rather than a conflict between two amendments of the same section. We agree that RCW 1.12.025 does not apply. The issue presented here is not what effect to give to amendments to the same statutory section. Indeed, RCW 1.12.025 is actually a filing rule which allows one amendment to supercede another where there are conflicting amendments. See Shanlian v. Faulk, 68 Wash.App. 320, 326, 843 P.2d 535 (1992).
In declining to compensate for the Legislature's drafting error, the trial court relied on the analysis in State v. Taylor, 97 Wash.2d 724, 649 P.2d 633 (1982). Taylor involved the interaction between two conflicting statutes. In the same legislative session, the legislature passed a law defining felony flight as a new offense. Then, the legislature passed a statute decriminalizing traffic-related offenses. The decriminalization statute contained a list of exemptions but the list did not include felony flight. Taylor appealed the denial of his motion to dismiss a felony flight charge against him because it had been decriminalized.
The court concluded that the Legislature had intended to include felony flight in the list of exemptions, but observed:
"This court has exhibited a long history of restraint in compensating for legislative omissions. In McKay v. Department of Labor & Indus., 180 Wash. 191, 194, 39 P.2d 997 (1934), we stated:
"In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it a rational statute. More recently we have affirmed the contemporary value of this rule: This court cannot read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission. Jenkins v. Bellingham Municipal Court, 95 Wash.2d 574, 579, 627 P.2d 1316 (1981).'"
Taylor, 97 Wash.2d at 728, 649 P.2d 633.
The court noted that in only one class of cases have legislative omissions been supplied. That class of cases is represented by State v. Brasel, 28 Wash.App. 303, 309-10, 623 P.2d 696 (1981). In Brasel, an omission in a statute relating to conditions for the commitment of criminally insane defendants created a contradiction whereby a person qualifying for commitment could at the same time also potentially qualify for release. Therefore, the omission rendered the statute absurd and undermined its sole purpose.
In another class of cases, the legislature's omission was clearly inadvertent but did not undermine the purpose of the statute. With respect to this kind of omission, the court stated:
"The court in these cases has not supplied the omitted language because it was not "imperative" to make the statute rational. To do so would have been to arrogate to *224 ourselves the power to make legislative schemes more perfect, more comprehensive and more consistent. The statutes in these cases remained rational with the omission even though there were inconsistencies in the comprehensive scheme."
Taylor, 97 Wash.2d at 729, 649 P.2d 633.
The trial court concluded that this case fell within this latter category described in Taylor. We disagree. The inadvertent numbering error undermines the express intent of both statutes and renders them irrational because the failure to register as a kidnapping offender is deemed a sex offense while the failure to register as a sex offender is not. Thus, refusal to correct this obvious error would require that a conviction for failure to register as a kidnapping offender count as three points towards the offender score because the offense would be classified as a sex offense, even though the underlying kidnapping involved no sexual misconduct. Conversely, failure to register as a sex offender would only count as one point. In this case where the legislative intent is clear and there is no ambiguity, it is imperative to supply the correct numbering in order to correct the obvious error and make the statutes rational.
We reverse and remand for resentencing.
WE CONCUR: COLEMAN, J., and AGID, C.J.
NOTES
[1] The parties agree that the special session amendment renumbered sections 9 and 10 and the two 1999 amendments were codified to this effect.