[No. 35890-5-II.   Division Two.   May 13, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. TODD J. ALBRIGHT, *Appellant*.

*Anne M. Cruser* (of *Law Office of Anne Cruser*), for appellant.

*Susan I. Baur, Prosecuting Attorney,* and *Michelle L. Shaffer* and *Megan Hallin, Deputies,* for respondent.

¶1 QUINN-BRINTNALL, J. — Todd J. Albright appeals his term of community custody imposed for his conviction of failing to register as a sex offender. Albright stipulated that he was required to register as a sex offender and that he had failed to do so between July 14 and August 14, 2006. The trial court found him guilty of failing to register as a sex offender under RCW 9A.44.130(11)(a), notified Albright that he must register as a sex offender for violating his registration duty, and imposed a sentence of 12 months of incarceration and 36 to 48 months of community custody. RCW 9A.44.130(11)(a).

¶2 On appeal, Albright contends that the legislature amended the relevant statutes to plainly read that failure to register as a sex offender is not a sex offense and that, therefore, the trial court erred by imposing a registration requirement and community custody on this conviction. The State argues that a numbering error caused this anomaly and urges us to correct the statute that defines "sex offense," RCW 9.94A.030(42). Because it is clear that the legislature made an inadvertent numbering error when it enacted Substitute Senate Bill (SSB) 6519, we are required to correct it. Laws of 2006, ch. 129, §§ 1-4.[1] Accordingly, we affirm.

## DISCUSSION

¶3 A trial court may impose only sentences that statutes authorize. *In re Postsentence Review of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). Statutory construction is a question of law that we review de novo. *Leach*, 161 Wn.2d at 184.

¶4 In the past, there was an "inflexible rule" that this court could not " 'read into a statute that which it may believe the legislature has omitted, be it an intentional or an inadvertent omission.' " *State v. Taylor*, 97 Wn.2d 724, 728, 649 P.2d 633 (1982) (quoting *Jenkins v. Bellingham Mun. Court*, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981)). But application of this rule sometimes allowed absurd results that violated another basic tenet of statutory construction: avoid absurd results. *See State v. Burke*, 92 Wn.2d 474, 478, 598 P.2d 395 (1979) (ruling that "[i]t is an established rule of statutory construction that absurd results should be avoided"). Our Supreme Court thus created a narrow exception regarding deficient legislation.

---

[1] Laws of 2006, ch. 129, § 1 was effective between July 7 and September 1, 2006, and applied to Albright. Laws of 2006, ch. 129, § 2 has been the effective law since September 1, 2006. Albright committed the offense before that date, and so section 2 did not apply to him. For purposes of this analysis, however, there is no difference between sections 1 and 2.

¶5 In *Taylor*, our Supreme Court recognized three categories of cases involving deficient legislation. 97 Wn.2d at 729. In the first, the statute contains an omission or mistake but the court can discern a rational basis for the literal language. *Taylor*, 97 Wn.2d at 729. In the second, a legislative omission creates inconsistencies curtailing the statute's effectiveness but the omitted language is not necessary to read the statute rationally. *Taylor*, 97 Wn.2d at 729. In the third, the legislature's error renders the plain reading of the statute absurd or undermines its purposes. *Taylor*, 97 Wn.2d at 730. Our Supreme Court ruled that courts may modify a statute only in cases falling within the third category and only if doing so is " 'imperatively required to make [the statute] rational.' " *Taylor*, 97 Wn.2d at 729 (quoting *McKay v. Dep't of Labor & Indus.*, 180 Wash. 191, 194, 39 P.2d 997 (1934)).

¶6 The State asks that we exercise our limited authority here to correct a clear legislative numbering error that creates an absurd result and eliminates the purpose of the sex offender registration statute's amendment. Two statutes are involved. The first is the portion of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, defining sex offenses, RCW 9.94A.030(42). The second is the portion of the Washington Criminal Code defining the offense of failure to register as a sex or kidnapping offender, RCW 9A.44.130.

¶7 Before June 7, 2006, failure to register as a sex offender was a sex offense. Failure to register as a kidnapping offender was not. Former RCW 9A.44.130(10)-(11) (2003); former RCW 9.94A.030(42)(a)(i) (2006).

¶8 As relevant here, the SRA first defined "sex offense" as "[a] felony that is a violation of chapter 9A.44 RCW other than ***RCW 9A.44.130(11)." Former RCW 9.94A.030(42)(a)(i).

¶9 Chapter 9A.44 RCW is the Washington Criminal Code's chapter on sex offenses. Former RCW 9A.44.130(11) was the section of the registration statute that defined the offense of failing to register as a *kidnapping* offender.

The legislature amended the registration statute in SSB 6519, which took effect June 7, 2006. LAWS OF 2006, ch. 129, §§ 1, 3. SSB 6519 added a new subsection 7 to the statute and renumbered the subsequent subsections. LAWS OF 2006, ch. 129, § 1. As a result of the amendment, the number of the subsection regarding failure to register as a sex offender changed from subsection 10 to 11, while the section regarding failure to register as a kidnapping offender changed from subsection 11 to 12. LAWS OF 2006, ch. 129, § 1.

¶10 The legislature did not, however, amend the numbered references in the SRA's definition of "sex offense." LAWS OF 2006, ch. 122, § 6. That definition excludes "RCW 9A.44.130(11)," even though subsection 11 now relates to sex offenders instead of kidnapping offenders. RCW 9.94A-.030(42)(a)(i). Thus, when read literally, kidnapping offenders who fail to register are sex offenders, while sex offenders who fail to register are not.[2]

■ ¶11 If the legislature made an inadvertent clerical error when it neglected to amend the statutory citation in the SRA's "sex offense" definition, and if such error renders the statute absurd and undermines the law's sole purpose, we may correct it. *Taylor*, 97 Wn.2d at 730. To determine whether the legislature made an inadvertent numerical clerical error, we first review the legislative history for SSB 6519.

---

[2] RCW 9A.44.130(11) currently reads:

(a) A person who knowingly fails to comply with any of the requirements of this section is guilty of a class C felony if the crime for which the individual was convicted was a felony sex offense as defined in subsection (10)(a) of this section or a federal or out-of-state conviction for an offense that under the laws of this state would be a felony sex offense as defined in subsection (10)(a) of this section.

(b) If the crime for which the individual was convicted was other than a felony or a federal or out-of-state conviction for an offense that under the laws of this state would be other than a felony, violation of this section is a gross misdemeanor.

Subsection (10)(a) defines "sex offense," in part, as offenses defined as such in RCW 9.94A.030. RCW 9A.44.130(10)(a)(i). In this circular fashion, the statutory definitions of sex offenses exclude the offense of failure to register as a sex offender.

LEGISLATIVE HISTORY

█ ¶12 SSB 6519's title is "Sex Offenders—Reporting Requirement." LAWS OF 2006, ch. 129. The legislature's sole stated purpose in enacting the bill was to require level 2 and 3 sex offenders to report in person every 90 days. 2006 FINAL LEGISLATIVE REPORT, 59th Wash. Leg., Reg. Sess., at 238. Nothing in the history suggests that the legislature intended to redefine sex offenders. Rather the legislature's sole intention was to increase the reporting requirements for persons previously defined as "sex offenders" and require that they more frequently and personally appear for monitoring.

¶13 The bill's preamble reads, "An act Relating to county sheriffs monitoring registered sex offenders; amending RCW 9A.44.130; reenacting and amending RCW 9A.44.130; providing an effective date; and providing an expiration date." LAWS OF 2006, ch. 129. This preamble shows clearly that the legislature's sole focus was on monitoring, not defining, sex offenders. Further, nowhere in the four bill reports is there any mention of changing the definition of "sex offender."[3] And both the house and senate unanimously approved this bill, an unlikely occurrence had the legislature intended to redefine those required to report under the statute. 2006 FINAL LEGISLATIVE REPORT, 59th Wash. Leg., Reg. Sess., at 238.

¶14 The legislative history indisputably demonstrates that the legislature did not intend to redefine who is a sex offender and that Albright's reading of the statute is an unintended result of a numbering error.[4]

---

[3] Available at the Washington State Legislature's Internet site for bill information at http://apps.leg.wa.gov/billinfo/summary.aspx?bill=6519&year=2005 (last visited Apr. 30, 2008).

[4] The Office of Code Reviser was not apparently given the opportunity to examine the proposed bill in order to identify and correct this error. Instead, it inserted the following note when it codified the bill:

(42) "Sex offense" means:

(a)(i) A felony that is a violation of chapter 9A.44 RCW other than ***RCW 9A.44.130(11);

*Taylor* Standard

¶15 We may remedy a numbering error only if it creates an absurd result and undermines the law's sole purpose. *Taylor*, 97 Wn.2d at 730. The numbering error here did just that.

■ ¶16 This numbering change created an absurd result. Kidnapping need not involve sexual conduct or motivation, while sex offenses do. *See* RCW 9A.40.010-.030; RCW 9A.44.010-.903. In a nearly identical context, Division One of this court ruled that a statute that imposes sex offender penalties on kidnappers but not sex offenders is absurd.[5] *State v. King*, 111 Wn. App. 430, 436, 45 P.3d 221 (2002). We agree with the State that a similar analysis applies here.

¶17 Moreover, the statutory numbering error also undermines the law's sole purpose. As discussed above, the sole purpose of SSB 6519 was to change the reporting requirement for level 2 and 3 sex offenders, requiring them to appear in person for monitoring every 90 days, where previously they were required only to mail in an address verification form annually. The legislature did not intend to alter the definition of who required monitoring.

¶18 An unusual numbering error has occurred. Under *Taylor*, we have the imperative to remedy RCW 9.94A-.030(42)(a)(i) to retain the definition of "sex offense" the legislature intended. To do this we must correct the numbering error in RCW 9.94A.030(42)(a)(i) as follows: "A

----

. . . .
**Reviser's note:** . . .

. . . .
***(3) RCW 9A.44.130 was amended by 2006 c 129 § 2, changing subsection (11) to subsection (12).

RCW 9.94A.030. This note provides further evidence that the citation is an inadvertent error.

[5] Albright argues that it is not absurd simply to omit failure to register as a sex offender from the definition of "sex offense," but simple omission is not what happened here.

felony that is a violation of chapter 9A.44 RCW other than RCW 9A.44.130[(12)]."

¶19 After correcting the numbering error and reading the statute as the legislature intended, Albright is a convicted sex offender and the trial court properly required that he report for monitoring as such. Accordingly, we affirm.

VAN DEREN, A.C.J., and PENOYAR, J., concur.

Review denied at 164 Wn.2d 1028 (2008).