# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
       Respondent, )
      v. )
J.J., )
      Appellant. )

No. 75964-7-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 20, 2017

2017 NOV 20 AM 9:41

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

TRICKEY, A.C.J. — J.J. pleaded guilty to unlawful possession of a firearm in the second degree as a juvenile offender. The trial court entered a disposition that included a 10-day term of detention. J.J. appeals, arguing that the trial court erred because the sentencing statute it relied on now requires a prior involuntary commitment for mental health treatment for the 10-day term of detention to apply. Because the unambiguous language of the relevant statutes do not support the trial court's imposition of the term of detention, we reverse and remand for a new disposition hearing.

## FACTS

J.J. was charged with second degree unlawful possession of a firearm contrary to RCW 9.41.040(2)(a)(iv). The State alleged that on September 17, 2015, J.J. knowingly possessed a handgun while under the age of 18.

On October 19, 2016, the State and J.J. attended a disposition hearing. At the hearing, the parties argued over whether J.J. was required to serve a minimum 10-day term of detention. The trial court concluded that the term of detention applied, relying on a reviser's note to the statute requiring the minimum term of detention. J.J. agreed to proceed with a guilty plea and disposition, with the

understanding that he was reserving his right to appeal the trial court's imposition of the term of detention. The trial court entered a disposition order that included the minimum 10-day term of detention.

J.J. appeals.

## ANALYSIS

J.J. argues that the trial court erred when it imposed a 10-day term of detention because RCW 9.40.040(2)(a)(iv), under which he pleaded guilty, does not carry a minimum 10-day term of detention. Because the statutes the trial court relied on to impose the term of detention, RCW 13.40.193(1) and RCW 9.41.040(2)(a)(iii), are unambiguous on their face and do not apply to J.J., we agree.

In 2014, the Legislature amended the statute governing unlawful possession of firearms. LAWS OF 2014, ch. 111, § 1. The amendment added a new section relating to persons subject to a court's domestic violence restraining order as RCW 9.41.040(2)(a)(ii). LAWS OF 2014, ch. 111, § 1. The amendment renumbered the following subsections as (2)(a)(iii) and (2)(a)(iv), respectively. LAWS OF 2014, ch. 111, § 1.

Currently, the statute defining the crime of unlawful possession of a firearm in the second degree reads:

> (2)(a) A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person . . . has in his or her possession, or has in his or her control any firearm:
> . . .

2

> (iii) After having previously been involuntarily committed for mental health treatment . . ., unless his or her right to possess a firearm has been restored . . .;
> (iv) If the person is under eighteen years of age . . . .

RCW 9.41.040(2)(a)(iii), (iv).

Under the Juvenile Justice Act of 1977, chapter 13.40 RCW, "[i]f a respondent is found to have been in possession of a firearm in violation of *RCW 9.41.040(2)(a)(iii), the court shall impose a minimum disposition of ten days of confinement." RCW 13.40.193(1). The asterisk denotes a reviser's note, which reads "RCW 9.41.040 was amended by 2014 c 111 § 1, changing subsection (2)(a)(iii) to subsection (2)(a)(iv)." RCW 13.40.193 (reviser's note).

"The meaning of a statute is a question of law that is reviewed de novo." State v. J.M., 144 Wn.2d 472, 480, 28 P.3d 720 (2001). "If the statute's meaning is plain on its face, then courts must give effect to its plain meaning as an expression of what the Legislature intended" and the statute is not subject to judicial construction. J.M., 144 Wn.2d at 480.

Here, the statutes at issue are not ambiguous and thus we give effect to their plain meaning. RCW 13.40.193(1), under which the trial court ordered J.J. to serve a 10-day term of detention, applies only to offenders who violate RCW 9.41.040(2)(a)(iii). RCW 9.41.040(2)(a)(iii) is violated when a person unlawfully possesses a firearm in the second degree by reason of having previously been involuntarily committed for mental health treatment. Because the record does not demonstrate that J.J. has previously been involuntarily committed for mental health treatment, RCW 9.41.040(2)(a)(iii) is inapplicable. Moreover, J.J. pleaded guilty

to unlawful possession of a firearm contrary to RCW 9.41.040(2)(a)(iv), not RCW 9.41.040(2)(a)(iii).

By its plain and unambiguous language, RCW 13.40.193(1) does not apply to J.J.'s guilty plea for unlawful possession of a firearm in violation of RCW 9.41.040(2)(a)(iv). Therefore, we conclude that the trial court erred because its imposition of the 10-day term of detention is not supported by the unambiguous language of the relevant statutes.

The State argues that the trial court did not err when it imposed the 10-day term of detention because the Legislature inadvertently failed to amend RCW 13.40.193(1) after the 2014 amendment of RCW 9.41.040. The State contends that the Legislature's failure to amend RCW 13.40.193 creates absurd results. We disagree.

A court may correct a legislative omission if the omission "rendered the statute absurd and undermined its sole purpose." State v. King, 111 Wn. App. 430, 435, 45 P.3d 221 (2002); State v. Taylor, 97 Wn.2d 724, 730, 649 P.2d 633 (1982) (citing State v. Brasel, 28 Wn. App. 303, 309, 623 P.2d 696 (1981)). But a court "cannot read into a statute that which it may believe the [L]egislature omitted, be it an intentional or inadvertent omission." Jenkins v. Bellingham Municipal Court, 95 Wn.2d 574, 579, 627 P.2d 1316 (1981).

Further, a court cannot supply an alleged legislative omission if "the court was able to postulate why the Legislature may have intended the literal meaning of the statute." Taylor, 97 Wn.2d at 729. Similarly, a court cannot supply a possible omission if, "[w]hile the legislative omission created some inconsistencies, it did

4

not undermine the purposes of the statute. It simply kept the purposes from being effectuated comprehensively." Taylor, 97 Wn.2d at 729.

Here, the Legislature's decision not to amend RCW 13.40.193(1) to reflect the renumbering of RCW 9.41.040 does not create absurd results or undermine the sole purpose of the statute. Under the present language of the statutes, a juvenile who has previously been involuntarily committed for mental health treatment and whose right to possess a firearm has not been restored is subject to a minimum 10-day term of detention. See RCW 13.40.010; RCW 13.40.193(1); RCW 9.41.040(2)(a)(iii). Thus, the number of juveniles subject to the minimum term of detention has been reduced from all juveniles to only those who have previously been involuntarily committed. RCW 9.41.040(2)(a)(iv); cf. RCW 9.41.040(2)(a)(iii). Reducing the class of persons subject to a minimum term of detention may be a policy decision of the Legislature, and does not rise to the level of being an absurd result.

Moreover, RCW 13.40.193(1)'s reference to RCW 9.41.040(2)(a)(iii) includes the 2014 amendment that renumbered RCW 9.41.040 absent clear contrary legislative intent.

"If a statute refers to another statute of this state, the reference includes any amendments to the referenced statute unless a contrary intent is clearly expressed." RCW 1.12.028; see State v. Blilie, 132 Wn.2d 484, 492, 939 P.2d 691 (1997).

The State has not demonstrated such clear intent. The Legislature also amended RCW 13.40.193 in 2014, but it did not amend subsection (1) to reflect

the renumbering of RCW 9.41.040. See LAWS OF 2014, ch. 117 § 1. Further, although the State cited the reviser's note to RCW 13.40.193(1) to the trial court, on appeal it has not cited legal authority demonstrating that a reviser's note is indicative of legislative intent or can overcome the plain and unambiguous language of the statute.[1]

In sum, the unambiguous language of RCW 13.40.193(1), RCW 9.41.040(2)(a)(iii), and RCW 9.41.040(2)(a)(iv) demonstrates that the trial court erroneously sentenced J.J. to a minimum 10-day term of detention after he pleaded guilty to violating RCW 9.41.040(2)(a)(iv). When read together, the statutes do not create an absurd result. There is no evidence that the Legislature clearly intended RCW 13.40.193(1) to apply to the new numbering of RCW 9.41.040.

We reverse and remand for a new disposition hearing.

Trickey, ACJ

WE CONCUR:

Spearman, J.

Becker, J.

---

[1] The State notes that the code reviser arguably has statutory authority to change RCW 13.40.193(1) to reference RCW 9.41.040(2)(a)(iv), but also that it has not done so. Br. of Resp't at 4; RCW 1.04.015; RCW 1.08.015(2)(i).