[No. 11813-7-I. Division One. December 3, 1984.]

Donald E. Stahl, *Appellant,* v. The University of Washington, *Respondent.*

*Dean A. Floyd,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Steve Milam, Assistant,* for respondent.

DURHAM, C.J.—Donald Stahl appeals from an order of the trial court affirming remedial action taken by the Higher Education Personnel Board. Stahl claims that the remedy prescribed by the Board inadequately compensated him for the University of Washington's improper hiring

procedures.

On July 19, 1976, the University of Washington published a bulletin soliciting applications for employment opportunities. Included in this bulletin were two separate entries announcing a single opening for an industrial hygienist. The first entry appeared in the "open competitive" section. All who met the minimum qualifications were urged to apply. The second entry designated the same position as an "Affirmative Action Opportunity."

In response to the first entry, Donald Stahl filed an application on July 25, 1976. Stahl, three women and two other men met the minimum qualifications for the position. Only the three women, however, were given a supplemental examination. The two women who passed the examination were certified to the Environmental Health Department, which then hired one of the women. The University failed to notify Stahl that his application had been rejected.

In November 1976, Stahl filed a formal complaint and appeal with the Higher Education Personnel Board (HEPB). Informal attempts at resolving the complaint failed. HEPB assigned a hearing examiner to Stahl's appeal. The hearing examiner found that the University excluded Stahl from the examination in violation of WAC 251–18–020, failed to notify Stahl of the reasons for the rejection of his application in violation of WAC 251–18–110, and failed to submit its "corrective employment program" for periodic review as required by WAC 251–18–390(2)(a). The hearing examiner ordered the University to allow Stahl to take the supplemental examination. If Stahl passed the examination, the industrial hygienist position filled on October 1, 1976 was to be vacated, Stahl was to be certified to the Environmental Health Department along with the two women previously certified, and the Department would then fill the vacancy from among the three.

Arguing that the hearing examiner's remedy was effectively illusory, Stahl appealed to HEPB. HEPB's findings paralleled those of the hearing examiner. HEPB found that the affirmative action procedure used to fill the industrial

hygienist vacancy failed to conform to the requirements of WAC 251–18.

However, HEPB modified the hearing examiner's remedy. The Board ordered the University to certify Stahl to the Environmental Health Department, along with the two highest ranking candidates, when the next vacancy for an industrial hygienist occurred. The Board ordered the Department to fill the vacancy from among the three.

Stahl appealed HEPB's decision to the Superior Court, which affirmed the order of HEPB. Stahl now appeals to this court. An HEPB order will be affirmed unless the order was:

> (a) Founded on or contained error of law, which shall specifically include error in construction or application of any pertinent rules or regulations.
> (b) Contrary to a preponderance of the evidence as disclosed by the entire record with respect to any specified finding or findings of fact.
> (c) Materially affected by unlawful procedure.
> (d) Based on violation of any constitutional provision.
> (e) Arbitrary or capricious.

WAC 251–12–270(1) in part; *see* RCW 28B.16.150.

■ On appeal, the appropriate standard of review is applied directly to the record of the administrative proceedings. *See Levold v. Department of Empl. Sec.,* 24 Wn. App. 472, 604 P.2d 175 (1979); *Ross v. Department of Social & Health Servs.,* 23 Wn. App. 265, 594 P.2d 1386 (1979).

Stahl's first contention on appeal is that the remedy ordered by HEPB was inadequate. He provides two bases for this contention. First, the Board action was founded on an error of law which failed to compensate him for the discrimination he suffered. Second, the Board action was arbitrary and capricious because it was inconsistent with prior decisions, and because it failed to invalidate the appointment made in violation of the civil service rules. Stahl's second contention is that he was entitled to an award of attorney's fees. We shall consider these contentions in order.

## ERROR OF LAW/DISCRIMINATION

Stahl contends that the University's actions discriminated against him in violation of RCW 49.60.[1] Unlawful discrimination in employment requires an award of back pay unless the employer can prove by clear and convincing evidence that the conduct complained of would have occurred even if no discrimination had been present. *Davis v. Department of Labor & Indus.*, 94 Wn.2d 119, 615 P.2d 1279 (1980). Stahl contends HEPB misapplied RCW 49.60 by failing to award him back pay.

Stahl's contention is not persuasive. Judicial review of an HEPB order is limited to the transcripts and exhibits of the Board hearings. WAC 251–12–300; *see Olson v. UW*, 89 Wn.2d 558, 563, 573 P.2d 1308 (1978). Stahl never presented a claim based on RCW 49.60 to HEPB.

Furthermore, HEPB is a statutorily created entity with circumscribed powers. RCW 28B.16.060, .100. Nowhere in its enabling statute is HEPB authorized to enforce RCW 49.60. The Legislature established an intricate administrative mechanism for the enforcement of the "Law Against Discrimination." Central to the enforcement mechanism is the statutorily created Washington State Human Rights Commission. RCW 49.60.050. This Commission has extensive powers to enforce the discrimination laws. RCW 49.60-.120.

A clear inference can be drawn which demonstrates that the Legislature made a conscious choice in omitting enforcement of RCW 49.60 from HEPB's powers. RCW 28B.16.230 incorporates the unfair labor practices provisions of RCW 41.56.140–.190 into the higher education

---

[1]RCW 49.60.010 provides in part:

"This chapter shall be known as the 'law against discrimination'. . . . The legislature hereby finds and declares that practices of discrimination against any of its inhabitants because of race, creed, color, national origin, sex, marital status, age, or the presence of any sensory, mental, or physical handicap are a matter of state concern, that such discrimination threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state."

personnel laws and grants HEPB the authority to enforce those laws. "An expression of one thing in a statute excludes others not expressed." *Dominick v. Christensen,* 87 Wn.2d 25, 26, 548 P.2d 541 (1976). By specifically granting HEPB power to enforce the unfair labor practice provisions and the higher education personnel laws, the Legislature excluded from HEPB the power to enforce RCW 49.60.

### ARBITRARY AND CAPRICIOUS/PRIOR DECISIONS

Stahl next contends HEPB acted arbitrarily and capriciously by failing to declare the improperly filled industrial hygienist position vacant and by refusing to order the University to hire him.

> "Arbitrary and capricious" has a well–established meaning in this state. It refers to willful and unreasoning action, taken without regard to or consideration of the facts and circumstances surrounding the action.

*Abbenhaus v. Yakima,* 89 Wn.2d 855, 858, 576 P.2d 888 (1978). Specifically, Stahl asserts that in three past HEPB decisions, *Soltman v. Central Wash. State College,* HEPB 311 (1976), *Lorimer v. UW,* HEPB 604 and 630 (1977), and *Earwood v. Central Wash. Univ.,* HEPB 1147 (1980), the Board did declare an improperly filled position vacant. Stahl cites *Vergeyle v. Department of Empl. Sec.,* 28 Wn. App. 399, 623 P.2d 736 (1981) for the proposition that decisions of administrative agencies must be consistent. We conclude that *Vergeyle* is inapposite here. *Vergeyle* required administrative agencies to be consistent in their construction of statutory terms, but did not address the issue of agency remedial action.

 "The relation of remedy to policy is peculiarly a matter for administrative competence, and the rule is that courts must not enter the allowable area of the board's discretion." *In re Case E–368,* 65 Wn.2d 22, 29, 395 P.2d 503 (1964); *State ex rel. Washington Fed'n of State Employees v. Board of Trustees,* 93 Wn.2d 60, 605 P.2d 1252 (1980). In the absence of a statutory requirement, agencies need not

fashion identical remedies in each case. *See Washington Fed'n of State Employees.*

## ARBITRARY AND CAPRICIOUS/CIVIL
## SERVICE RIGHTS

Stahl also contends that the person hired as industrial hygienist obtained no civil service rights and, therefore, must be dismissed. He bases his contention on *State ex rel. Pioli v. Higher Educ. Personnel Bd.,* 16 Wn. App. 642, 558 P.2d 1364 (1976), which holds that when an employee has not been hired according to the required procedure, he obtains no civil service rights and cannot appeal his dismissal to HEPB.

*Pioli* does not support Stahl's contention that HEPB acted arbitrarily and capriciously in allowing an improperly hired employee to retain his position. Precluding an improperly hired employee from appealing his dismissal to HEPB is not equivalent to mandating that an improperly hired employee be dismissed by HEPB.

HEPB's discretionary authority to retain an im-properly hired employee is supported by WAC 251–12–600. This rule allows the director of HEPB to confer permanent status on an employee who has been hired in violation of HEPB rules, has served 6 consecutive months and was not a party to a willful disregard of the rules. Because HEPB has the discretionary authority to confer permanent status on an employee who has been hired in violation of HEPB rules, the Board surely has the discretionary authority to refuse to dismiss that employee.

Stahl's proposed remedy would itself be arbitrary and capricious. Stahl was not entitled to have the Board vacate the industrial hygienist position and appoint him. "Although appellant is entitled to prevent the agency from exercising discretion arbitrarily and capriciously, he is not entitled to have the agency exercise its discretion in his favor." *Wilson v. Nord,* 23 Wn. App. 366, 376, 597 P.2d 914 (1979).

ATTORNEY'S FEES

Finally, Stahl contends he was entitled to an award of attorney's fees. Washington courts "have consistently refused to award attorney fees . . . in absence of a contract, statute, or recognized ground of equity." *Hsu Ying Li v. Tang*, 87 Wn.2d 796, 797–98, 557 P.2d 342 (1976); *Wilson v. Nord, supra*. Washington courts have held that "bad faith" or "wantonness" is a recognized ground of equity entitling the victimized party to an award of attorney's fees. *Hsu Ying Li*, at 798. From the record presented to HEPB, it does not appear that the University's conduct constituted bad faith. Although the University utilized improper procedure, it was motivated by the desire to alleviate the underrepresentation of women in employment. This does not constitute bad faith.

The judgment is affirmed.

CALLOW and SCHOLFIELD, JJ., concur.