[No. 28766-4-I.    Division One.    December 14, 1992.]

DENNIS JOHN SHANLIAN, *Appellant,* v. MARY FAULK,
ET AL, *Respondents.*

*Dennis J. Shanlian,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Linda M. Moran, Assistant,* for respondents.

COLEMAN, J. — Dennis John Shanlian appeals the Superior Court's order which affirmed the Department of Licensing's order imposing a statutory penalty for Shanlian's failure to comply with the statutes and rules which apply to real estate brokers. Shanlian contends that he is not subject to the real estate broker requirements, that he did not violate the rules regarding maintenance of an office, and that the Department lacked statutory authority to levy a fine in April 1988. In addition, Shanlian contends that the fine imposed was excessive and unreasonable and that the Superior Court relied on statements outside the administrative record to justify its decision affirming the Department's penalty. We affirm.

We first recount Dennis John Shanlian's employment history. During 1979 he held a real estate salesperson's license and served as an agent with a Seattle real estate brokerage firm; this was the sole period in which Shanlian conducted a real estate practice. In 1981 Shanlian was admitted to the bar and practiced thereafter as an attorney and accountant. During 1982 and 1983 Shanlian worked for a management consulting and public accounting firm and, at their request, obtained an associate real estate broker license. In June 1983 Shanlian resumed the private practice of law and accounting, eventually practicing at 1424 Fourth Avenue, Suite 619, in Seattle. However, in May 1985 Shanlian began employment with a financial services company, and the files relating to his discontinued law and accounting practice were placed in a small room with the address of 1424 Fourth Avenue, Suite 622 in Seattle. Between July 1984 and July 1986 Shanlian's broker's license was upgraded to regular broker status, even though he was not actively involved in the practice of real estate. Finally, in February 1987 Shanlian began employment with the law firm of Foster Pepper & Shefelman in Bellevue.

Shanlian maintained his leasehold at 1424 Fourth Avenue, Suite 622, in Seattle until April 1, 1988, when he removed the storage boxes from the site. Thereafter, on April 13, 1988, Jay Roderick Dunbar, a department auditor, attempted to audit Shanlian's brokerage at the 1424 Fourth Avenue, Suite 622, address. The door was locked, and there were no signs posted as required by the real estate licensing law. When Dunbar checked with the building representative, he was informed that Shanlian had vacated the premises and left a forwarding address which identified his Bellevue law firm.

More than 3 months later, on July 8, 1988, Shanlian renewed his annual license and notified the Department of his change of address. However, on July 26, 1988, the Department filed a statement of charges alleging that Shanlian had failed to (1) maintain an office identifiable to the public which displayed the name of his business, (2) keep all required real

estate records and trust accounts at the location identified on his license, and (3) notify the Department in writing of a change in his business address as required in WAC 308-124B-120 and RCW 18.85.200. These charges were the result of the unsuccessful visit by the Department's auditor to Shanlian's Seattle address on April 13, 1988.

After a formal hearing held on December 12, 1988, the presiding administrative law judge issued a proposed order finding that Shanlian had failed to maintain an office at the address appearing on his license and had failed to promptly notify the Department of his change of address. The administrative law judge proposed the entry of a $1,000 fine against Shanlian for these violations. On May 1, 1989, the Director of the Department entered a final order in the matter which affirmed and adopted the administrative law judge's proposed order. Shanlian appealed to the Superior Court.

On March 11, 1991, the Superior Court heard oral argument. Over the State's objection, the Superior Court considered evidence not a part of the administrative record, which summarized previous real estate discipline cases handled by the Department. After considering the record and the arguments of counsel, the Superior Court found that Shanlian was subject to the statute governing real estate activities and upheld the Department's imposition of a $1,000 fine. The court's order was entered on June 10, 1991. Shanlian appeals.

We initially consider whether the Superior Court erred in affirming the Department's conclusion that Shanlian was a licensed real estate broker subject to the real estate broker laws. Attorneys are exempt from the real estate brokers' and salespersons' license requirements. RCW 18.85.110(2) provides: "This chapter shall not apply to . . . any duly authorized attorney in fact acting without compensation, or an attorney at law in the performance of his [or her] duties[.]" The statute exempts attorneys from the real estate licensing requirements, even though they engage in the types of real

estate transactions attributed to brokers under RCW 18.85-.010(1)(a)-(e).

Shanlian contends that he is exempt from the licensing requirement of RCW 18.85.100 because he is an attorney and he has not been acting in the capacity of a real estate broker. We agree that the licensing exemption could have applied to Shanlian, had he chosen to use it. However, Shanlian chose to maintain an active real estate broker license, and in so doing, he subjected himself to the jurisdiction of the Department and the requirements of RCW 18.85. Shanlian cannot simultaneously hold a broker's license and claim the attorney exemption from the real estate licensing requirement. Thus, Shanlian has not met the burden of demonstrating that the Department's conclusion that he was subject to the real estate licensing laws was clearly erroneous.

The second issue Shanlian raises is whether the Superior Court erred in affirming the Department's conclusion that he had violated the statute or rules pertaining to real estate licensees. By statute and rule, real estate brokers are required to notify the Department promptly of any change in office location. RCW 18.85.200 provides that "[n]otice in writing shall be given to the director of any change by a real estate broker, associate broker, or salesperson of his or her business location[.]" Consistent with this statute, WAC 308-124B-120 requires real estate brokers to "notify the department of the change of location and mailing address of the broker's office by promptly filing a completed change of address application with the department[.]" In addition, by statute and rule, real estate brokers are subject to requirements pertaining to the maintenance of an office. RCW 18.85.180 provides: "Every licensed real estate broker must have and maintain an office in this state accessible to the public which shall serve as his office for the transaction of business. . . . [T]he broker's license must be prominently displayed therein." WAC 308-124B-100 provides that the "office of the real estate broker shall be iden-

tified by *displaying the name . . .* of the broker as licensed *at the address appearing on the license.*" (Italics ours.)

■ The Superior Court affirmed the Department of Licensing's finding that between April 1, 1988, and July 8, 1988, Shanlian had failed to promptly notify the Department of his change of location and had failed to "maintain a real estate office at the address appearing on his license which displayed the name of the broker visible to the public and which was accessible to the public in violation of RCW 18.85.180 and WAC 308-124B-100." Shanlian assigns error, contending that neither the statute nor the rule requires the broker's office to be located at the address appearing on the license. However, Shanlian's argument ignores the plain language of the statute and the rule pertaining to maintenance of an office. Taken together, the statute and the rule require real estate brokers to maintain an office and to prominently display the broker's license *at the address appearing on the license.* Thus, Shanlian's second assignment of error fails.

The third issue to be determined is whether the Superior Court erred in affirming the penalty imposed by the Department. Shanlian alleges that the Department had no statutory authority to levy a fine in 1988. RCW 1.12.025(1) provides:

> If at any session of the legislature there are enacted two or more acts amending the same section of the session laws or of the official code, each amendment without reference to the others, *each act shall be given effect to the extent that the amendments do not conflict in purpose,* otherwise the act last filed in the office of the secretary of state in point of time, shall control[.]

(Italics ours.) *See also In re Adoption of Henderson,* 97 Wn.2d 356, 358, 644 P.2d 1178 (1982).

During the 1987 regular session, the Legislature enacted two amendments to RCW 18.85.230, the statute permitting disciplinary actions against brokers. The first amendment, Laws of 1987, ch. 332, § 9, was filed with the Secretary of State on May 12, 1987, and amended RCW 18.85.230 to

reflect gender inclusive language and to give the Director of the Department the authority to "levy a fine not to exceed one thousand dollars for each offense[.]" Laws of 1987, ch. 332, § 9 made no changes in RCW 18.85.230(2). The second amendment, Laws of 1987, ch. 370, § 15, was filed with the Secretary of State on May 14, 1987, and amended subsection (2) of RCW 18.85.230 to permit disciplinary actions for violations of rules pertaining to time shares, RCW 64.36; camping resorts, RCW 19.105; or land development, RCW 58.19. Laws of 1987, ch. 370, § 15 made no other changes to RCW 18.85.230, did not address the levying of fines, and did not contain gender inclusive language.

◼ Citing RCW 1.12.025(1), Shanlian contends that these two amendments conflict in purpose, that the act last filed in the Office of the Secretary of State controls, and that the Director's authority to levy fines under RCW 18.85.230 was revoked by Laws of 1987, ch. 370, § 15. We disagree. Although both enactments amended RCW 18.85.230, each amendment addressed different issues and revised different subsections of the code. Further, each amendment can be given effect without affecting the result intended by the other. Given these facts, it cannot be said that the two amendments conflict in purpose, and failing a conflict in purpose, Shanlian cannot invoke the filing rule to assert a revocation of the Director's statutory authority to levy fines. Thus, the Superior Court did not err in affirming the fine imposed by the Department in 1988, because the Department has had statutory authority to levy fines since the enactment of Laws of 1987, ch. 332, § 9.

◼ The fourth argument on appeal is whether the Superior Court erred in affirming the Department's order because the penalty imposed was excessive and unreasonable.

Shanlian contends upon three grounds that the penalty imposed by the Department was excessive and unreasonable. First, Shanlian contends that the penalty was not authorized by RCW 18.85.230, which permits the Department to "levy a fine not to exceed one thousand dollars for each offense" against any broker who is guilty of one of 29

specified acts. *See* RCW 18.85.230(1)-(29). Shanlian contends that failure to maintain an office according to the real estate laws and failure to promptly notify the Department of a change of business address are not included within the 29 proscribed acts. However, RCW 18.85.230(2) permits fines to be levied for a violation of "any of the provisions of this chapter or any lawful rules or regulations made by the director pursuant thereto[.]" Because Shanlian has violated RCW 18.85 and WAC 308-124B-120 by failing to promptly notify the Department of his change of address and has violated RCW 18.85 and WAC 308-124B-100 by failing to maintain an office and to display his broker's license at the address appearing on the license, a fine may be levied under RCW 18.85.230.

Next, Shanlian contends that the penalty imposed was excessive and unreasonable because the Department failed to consider mitigating circumstances. Shanlian contends that the following mitigating circumstances were present: he had attempted to comply with the laws for maintenance of an office and notification of change of address, he had not been engaged in the practice of real estate, he had so informed the Department, he had not advertised his license, and he had not been subject to prior disciplinary actions. However, in our view, the circumstances which Shanlian relies upon do not mitigate his failure to timely notify the Department of his change of location. His attempt to comply was not timely; his failure to practice real estate does not excuse him, a real estate licensee, from compliance with real estate regulations; and his current violations are not necessarily mitigated by his prior unblemished record. Thus, the Superior Court did not err in affirming the Department's final order, which failed to find mitigating circumstances.

Finally, Shanlian contends that the $1,000 fine was inconsistent with the penalties imposed against others for similar violations. To support his contention, Shanlian summarizes the 72 reported cases between 1987 and 1991 in which a licensee was charged with failure to display a sign

which identified his office, failure to give notice of his change of address, and/or failure to maintain records. However, our review of the Department's "decision[] is on the record of the administrative tribunal[.]" *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 324, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106, 74 L. Ed. 2d 954, 103 S. Ct. 730 (1983). Because Shanlian's summary was not a part of the administrative record, this information was not properly before the trial court nor is it properly before us.

■ Moreover, even if the penalty imposed was inconsistent with other penalties imposed, we would find no error. An agency "need not fashion identical remedies", and the courts may "not enter the allowable area of [agency] discretion.' " *Stahl v. UW*, 39 Wn. App. 50, 55-56, 691 P.2d 972 (1984) (quoting *In re Case E-368*, 65 Wn.2d 22, 29, 395 P.2d 503 (1964)). Because the statute authorizes a $1,000 fine for each offense and because Shanlian violated more than one provision of the statute and regulations, the penalty imposed was within the agency's discretion.

Lastly, we determine whether the Superior Court erred by relying upon statements which were not a part of the administrative record to affirm the Department's order.

During trial, Shanlian moved to admit evidence of prior real estate discipline cases handled by the Department. The Department objected, arguing that evidence of prior cases should not be considered because the referenced cases were dissimilar to respondents' and were resolved by settlement and compromise, rather than by formal administrative hearing. However, the Superior Court admitted the evidence and questioned the Department about the administrative process, including whether Shanlian was offered a settlement opportunity. The State answered the court's questions.

Following trial, the Superior Court stated:

> The record reflects that the Department assessed a fine of $1000 but offered to reduce it if Mr. Shanlian would admit to a violation of the law and pay a fine of $200.00. If Mr. Shanlian was unwilling to agree to this proposal the Department would proceed to the public hearing and ask for the imposition of the $1000 fine. That procedure is in the nature of plea bargaining.

> The [Courts] have upheld plea bargaining of this nature. Therefore the fine is not unreasonable or excessive.

Brief of Appellant exhibit B-2. After explaining this procedural history, the Superior Court affirmed the Department's order.

■ Citing former RCW 34.04.130(5),[1] Shanlian contends that the Superior Court erroneously considered facts outside the administrative record. We agree. "[I]t is clear under the APA that review, whether conducted by the superior court, Court of Appeals, or Supreme Court, is limited to the [agency] record[.]" *Sellers*, at 323. Thus, the Superior Court should have confined itself to the record before the administrative agency. However, Shanlian himself presented the improper evidence which elicited the Department's statements concerning settlement. Because Shanlian first brought the improper evidence to the Superior Court's attention for his own purposes, we find no reversible error.

The order of the Superior Court is affirmed.

FORREST and AGID, JJ., concur.

---

[1]Former RCW 34.04.130(5), the statute in effect at the time of Shanlian's violations, provided that "review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure . . . testimony thereon may be taken in court. . . ."